IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEBRA S. FOSTER; BEASLEY SINGLETON; LOUVENIA MCCRAY; DR. RICHARD MARTIN, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION NO. 2:11-cv-503-WHA-CSC |
| | ) (WO) |
| AUBURN UNIVERSITY MONTGOMERY; KATHERINE JACKSON | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION AND PROCEDURAL HISTORY**

This case is before the court on a Motion to Sever (Doc. # 11) filed by Defendants Auburn University Montgomery ("AUM") and Dr. Katherine Jackson ("Jackson") on July 20, 2011.

The Plaintiffs, Debra S. Foster ("Foster"), an African-American female, Beasley Singleton ("Singleton"), an African-American male, Louvenia McCray ("McCray"), an African-American female, and Dr. Richard Martin ("Martin"), a white male, filed a Complaint in this court on June 24, 2011, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA"). Those claims are as follows: all the Plaintiffs bring claims for a racially hostile working environment in violation of Title VII (Count One), race and gender discrimination in violation of Title VII (Count Two), retaliation in violation of Title VII (Count

Three), negligence and wantonness in the hiring and supervision of its agents (Count Four), age discrimination in violation of the ADEA (Count Six[1]), and Foster alone brings an ADA violation claim (Count Seven). On July 20, 2011, the Defendants jointly moved this court to sever the Plaintiffs' claims into four separate suits on the basis that the Plaintiffs were joined improperly under Rule 20(a) of the Federal Rules of Civil Procedure. On August 8, 2011, the Plaintiffs filed an Opposition to the Defendants' Motion to Sever, and on August 18, 2011, the Defendants filed a Reply to the Plaintiffs' Opposition.

For reasons to be discussed, the Motion to Sever is due to be granted.

## II.  MOTION TO SEVER STANDARD

"Under Rule 20 of the Federal Rules of Civil Procedure, people may join in one action as plaintiffs if they (1) assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, **and** (2) any question of law or fact common to all plaintiffs will arise in the action." *Weatherly v. Alabama State University*, No. 2:10cv192-WHA, 2010 WL 1753190, at *2 (M.D. Ala April 30, 2010) (emphasis added). When evaluating the propriety of a specific instance of joinder, the court "is guided by the underlying purpose of joinder, which is to 'promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits.'" *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir.2002) (per curiam) (quoting *Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1323 (11th Cir.2000)).

---

[1] The Plaintiffs appear to have skipped from Count Four to Count Six in the complaint.

Whenever a court has found that parties have been misjoined under Rule 20(a) of the Federal Rules of Civil Procedure, Rule 21 allows the court to "add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21.  It is important to note that "[m]isjoinder of parties is not a grounds for dismissing an action," but rather gives the court the opportunity to "drop all but the first named plaintiff ... on condition that [the other plaintiffs] having been dropped from this lawsuit [are] without prejudice to their institution, individually, of suit against some or all of the present defendants based on the claims or claims attempted to be set forth in the present complaint." *Aaberg v. AcandS Inc.*, 152 F.R.D. 498, 501 (D. Md. 1994).

### III.  DISCUSSION

#### A. Rule 20(a) Analysis

In order for the Plaintiffs in this case to remain properly joined, their claims must meet the "arising out of the same transaction" prong and the "common question of law and fact" prong of Rule 20(a).

"'In ascertaining whether a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, a case by case approach is generally pursued. No hard and fast rules have been established under the rule.'" *Grayson v. K-Mart Corp.*, 849 F. Supp. 785, 787 (N.D. Ga 1994) (quoting *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir.1974)).  In this case, even assuming the facts supporting the claims in the complaint to be true, the court cannot find any link among the Plaintiffs substantial enough to constitute a same transaction, occurrence, or series of transactions.

For instance, it does not appear that Plaintiffs' racially hostile work place claim and their race and gender discrimination claims are based on common proof. Any racial discrimination claim will necessarily rest on separate evidence since three plaintiffs are African American and one plaintiff is white. The gender discrimination claim will also be based on different evidence, since two plaintiffs are female and two are male. Therefore, the court finds that the Plaintiffs have not demonstrated a common transaction or series of transactions for the race and gender discrimination claims.

The Plaintiffs' retaliation claims, age discrimination claims, and negligence claims, as alleged in the Complaint, also stem from discrete factual scenarios. Foster was terminated from her position as Senior Director in the Department of Human Resources by Jackson on July 31, 2009. Singleton was laid off from his position as Housing Facilities Supervisor with the Department of Housing and Residence Life on September 30, 2010. McCray was laid off from her position as custodian with AUM on March 16, 2010. Lastly, Martin resigned after being denied tenure as AUM's Justice and Public Safety Department Head. Given the different departments, decision makers, and discrete dates associated with each Plaintiff's claim, the Complaint does not show any transaction or series of transaction that links these Plaintiffs for the retaliation, age discrimination, and negligence claims. The reasons given for these actions, which Plaintiffs contend were pretextual, are different.

Obviously, Foster's ADA claim is unique unto to her. Therefore, any facts relating to that claim will not form a transaction or series of transaction relating to the five claims.

Plaintiffs, in their Opposition to Defendant's Motion to Sever, attempt to find a unifying transaction or series of transactions by naming Chancellor Veres as the final decision maker for

AUM's actions against each individual Plaintiff. (Doc. # 10 at 10). By doing this, the Plaintiffs change the problem from one of unrelated evidence presented by each Plaintiff to prove his or her claim to a problem of contradictory evidence presented by each Plaintiff to prove his or her claim. If Chancellor Veres is the person with ultimate responsibility, then the Plaintiffs will have to prove that he is discriminating against both African-Americans and whites, both males and female, etc. This does not remedy the problem. In fact, it serves to complicate the matter.

In the absence of a same transaction, occurrence, or series of transactions, this court need not continue in a Rule 20(a) analysis. *See* Fed. R. Civ. P. 20(a) (requiring both a transaction and a common question of law or fact for proper permissive joinder). It is unlikely, however, that this court could find any question of law or fact common to all four Plaintiffs beyond the most basic: all four brought claims under the same laws, all worked at AUM, and all would have been subject to Chancellor Veres's authority as ultimate decision maker for AUM. Moreover, the mere fact that all Plaintiffs claim harm under the same statute is not a sufficient basis for joinder. *See, e.g., Grayson v. K-Mart Corp.*, 849 F. Supp. 785, 789 (N.D.Ga. 1994) (citing *Smith v. North Am. Rockwell Corp.*, 50 F.R.D. 515, 524 (N.D.Okla. 1970), to explain that a common theory of law "is not sufficient" for permissive joinder).

A review of similar cases shines light on examples of appropriate and inappropriate joinder. This court in *Weatherly v. Alabama State University*, denied a motion to sever the claims of three plaintiffs who claimed sexual harassment by the same individual. No. 2:10cv192-WHA, 2010 WL 1753190, at *3 (M.D. Ala April 30, 2010) . Furthermore, two of the three plaintiffs originally supported the defendant during the in-house investigation about Weatherly's original claims. *Id.* Those two then alleged similar sexual harassment at the hand of

5

the defendant. *Id.* This court found that the plaintiffs suffered under a series of similar transactions and that the plaintiffs had overlapping evidence that would be best served by litigating the claims together. *Id.* Accordingly, this court denied the motion to sever.

In contrast, the court in *Grayson*, found that severance was appropriate. 849 F. Supp. at 787-89 . In that case, eleven K-Mart store managers were all demoted, and all claimed that the demotion was part of K-Mart's corporate age discrimination policy. *Id.* Each of these managers ran a different store in different locations throughout the southeastern United States. *Id.* at 786. The court found that each demotion was its own discrete act and not part of a transaction or series of transactions. *Id.* at 788-789. The court granted the severance despite the fact that the plaintiffs were able to name one particular K-Mart corporate manager as an ultimate decision maker. *Id.* at 789. The fact that every plaintiff held the same job, received the same demotion, sued under the same law, sued for age discrimination, and could trace the harm back to an ultimate decision maker was not enough for the court to deny severance. Id. at 787-789.

This court finds that the present Plaintiffs' situation is akin to the *Grayson* facts and reaches the same result as that court. The Plaintiffs, while more geographically centered than those in *Grayson*, held different jobs, had different chains of command, belonged to different departments, left AUM's employ in different manners, and suffered different and contradictory types of discrimination. As in *Grayson*, the fact that all of the Plaintiffs can point towards Chancellor Veres as the ultimate decision maker is of no avail.

Given that the Plaintiffs have not demonstrated a transaction, occurrence, or series of transactions from which their claims arise, this court finds that the claims are due to be severed.

B. Potential Prejudice

To reiterate, a court's decision to sever parties under Rule 21 should be tempered by the possibility of prejudice to the severed party. *See Aaberg v. AcandS Inc.*, 152 F.R.D. 498, 501 (D. Md. 1994). One such concern is the ability of the severed Plaintiffs to bring their claims without being barred by the statute of limitations. Claims brought under Title VII, the ADA, and the ADEA all must be brought within 90 days of receipt of the right-to-sue letter and each Plaintiff met this statute of limitations for the present law suit. *See* 42 U.S.C. § 2000e-5(f)(1) (providing for a 90 day statute of limitations for Title VII); *see also Zillyette v. Capital One Financial Corp.*, 179 F.3d 1337, 1339 (11th Cir.1999) ("It is settled law that, under the ADA, plaintiffs must comply with the same procedural requirements to sue as exist under Title VII of the Civil Rights Act of 1964"); *see also Kerr v. McDonald's Corp.*, 427 F.3d 947, 951 (11th Cir.2005) (explaining the ADEA's statute of limitations). Furthermore, negligence claims brought under Alabama law must be brought within two years of the harm. *See Ala. Code* § 6-2-38(l).

Rule 21 relief for the Defendants, however, does not require, or ever allow for, dismissal of severed parties' claims, but instead requires the court to sever the cases into separate actions. Fed. R. Civ. P. 21. Accordingly, this court will sever the Plaintiffs claims and will retain the first-named Plaintiff's action. The remaining three cases will be split and appropriately assigned new case numbers. However, this court will direct the Clerk of the Court to use the original Complaint (Doc. # 1) and its original filing date as the opening document for each of these three new actions. In this way, the parties will not suffer prejudice through a time bar to their claims.

### IV. <u>CONCLUSION</u>

For the foregoing reasons, it is hereby ORDERED that:

Defendants' Motion to Sever (Doc. # 11) is GRANTED.

It is further ORDERED that:

1. Plaintiffs Singleton, McCray, and Martin are severed from the present action.

2. The Clerk is directed to assign new case numbers for separate Singleton, McCray, and Martin actions, with those actions to be assigned to the undersigned district judge and the same magistrate judge.

3. The Clerk is directed to open each new case with the Complaint (Doc. #1) from this case, and to file this order also with each new case.

4. The Clerk is directed to open each new case with the original filing date June 24, 2011.

5. Singleton, McCray, and Martin are DIRECTED to file amended complaints to appropriately plead their case as a single plaintiff pursuant to the relevant Federal Rules of Civil Procedure and Middle District of Alabama Rule 15.1 by September 16, 2011.

6. Foster is DIRECTED to file an amended complaint to appropriately plead her case as a single plaintiff pursuant to the relevant Federal Rules of Civil Procedure and Middle District of Alabama Rule 15.1 by September 9, 2011.

Done this 1st day of September, 2011.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE