IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEBRA FOSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  2:11cv503 -WHA |
| | ) | |
| AUBURN UNIVERSITY MONTGOMERY; | ) | (wo) |
| KATHERINE JACKSON, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This cause is before the court on the Plaintiff's Objection to Bill of Cost (Doc. #64).

The Plaintiff objects to the Bill of Costs relating to the Plaintiff's deposition, stating that it was not a necessary expense, and also objects to exhibit charges of $36.05, digital litigation support of $30, and priority mail charges of $9.95.

The Defendants concede that the $30 for litigation support is not recoverable, but state that the deposition transcript was relied upon in support of the Motion for Summary Judgment, the exhibits were a crucial part of the deposition, and the priority mail charges for the deposition transcript were necessary given the short time between the date of the deposition and the dispositive motion deadline.

Although the case is on appeal, the court has jurisdiction to, and will, rule on the Plaintiff's Objection.  *See Rothenberg v. Security Management Co., Inc.,* 677 F.2d 64, 64 (11th Cir. 1982) (stating that "[i]t is well settled in this circuit that costs may be taxed after a notice of appeal has been filed.").

Section 1920 of Title 28 of the United States Code permits taxation of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2).  The court finds that Plaintiff's deposition, which the Defendants used in support of their motion for summary judgment, was necessarily obtained for use in the case and is taxable. *See EEOC v. W & O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000) (stating that "[a] district court may tax costs associated with the depositions submitted by the parties in support of their summary judgment motions.") (internal quotation marks omitted).  The exhibits which were part of that deposition, and the mailing charges, were similarly necessary, and taxable.  *See Denton v. DaimlerChrysler Corp.,* 645 F. Supp. 2d 1215, 1227 (N.D. Ga. 2009) (finding that the costs of obtaining exhibits to the depositions at issue are proper and reasonable).

Accordingly, it is hereby ORDERED as follows:

1.  The Plaintiff's Objection is SUSTAINED as to the $30 cost of litigation support.

2. The Objection is OVERRULED in all other respects.

Done this 21st day of December, 2012

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE